Nicholas D. Kovarik, WSBA #35462
Whitny L. Norton, WSBA #46485
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935
Email: nick@pyklawyers.com
Email: whitny@pyklawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., RANDOLPH PETERSON, individually and as relator; TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company; as a Washington corporation and as relator;<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF BENTON COUNTY, a Washington State Municipal Entity; SCOTT KELLER, individually and as Executive Director of Port of Benton; ROBERT LARSON, individually and as Commissioner of Port of Benton; ROY KECK, individually and as Commissioner of Port of Benton; JANE HAGERTY, individually and as | NO. 2:17-cv-191-TOR<br><br>**STIPULATION AND PROTECTIVE ORDER RE: COMPANY AND INDIVIDUAL TAX RETURNS** |

STIPULATION AND PROTECTIVE ORDER - 1

| | |
|---|---|
| Commissioner of the Port of Benton; JOHN DOES 1-99, employees, officers, directors, agents of the Port of Benton; CITY OF RICHLAND, a Washington State Municipal entity; PETER ROGALSKY, individually and as Public Works Director of the City of Richland; and JOHN DOES 1-99, employees, officers, directors, agents of the City of Richland. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiffs and Defendants, by and through their counsel of record, hereby stipulate as follows pursuant to FRCP 29(b) and move the Court for a Protective Order pursuant to FRCP 26(c).

Defendants have requested the tax returns of Plaintiff Tri-City Railroad Company LLC and Plaintiff Randolph Peterson. It is anticipated that Plaintiffs may request the tax returns of one or more of the Defendants herein. Tax returns and related information may contain privileged, private, confidential, proprietary, or commercially sensitive information, and the parties could be seriously prejudiced by the disclosure of such privileged, private, confidential, proprietary, or sensitive information to third parties in the above-captioned matter (the "Litigation").

THE PARTIES HEREBY STIPULATE AND AGREE to the following terms and conditions, which shall apply to the Litigation.

STIPULATION AND PROTECTIVE ORDER - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**1. Purposes and Limitations**. Disclosure and discovery activity in this Litigation may involve production of tax returns which may contain privileged, private, confidential, proprietary, or commercially sensitive information for which special protection from public disclosure is warranted. All tax returns or related documents designated "Confidential" or "Attorney's Eyes Only" under this Stipulated Protective Order ("Protective Order") shall be used solely for the purpose of prosecuting or defending this Litigation and for no other purpose.

**2. Definitions**.

a. <u>Confidential</u>. "Confidential" means all tax returns and related documents conveyed during this Litigation and designated in good faith by the producing and designating party as "Confidential" as of the time of production or conveyance. Only those "Qualified Persons" as defined in paragraph 6 shall have access to such information unless otherwise provided by this Protective Order or other order of the Court.

b. <u>Attorney's Eyes Only</u>. "Attorney's Eyes Only" means all tax returns and related documents conveyed during this Litigation and designated in good faith by the producing party or designating party as "Attorney's Eyes Only" at the time of production.

STIPULATION AND PROTECTIVE ORDER - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**3. Designating Material for Protection**. The party producing tax returns or related information that is not publicly available may designate as "Confidential" or "Attorney's Eyes Only" such information that it in good faith believes embodies privileged, private, confidential, proprietary, or commercially sensitive information ("Confidential Information").

**4. Method of Designation**. The producing party may designate Confidential Information by stamping a document containing such Confidential Information with the legend "Confidential" or "Attorney's Eyes Only." Where possible, the producing party will seek to produce non-confidential, redacted versions of confidential documents – so that portions of the material, documents, items, or communications for which confidential protection is not warranted are available in non-protected form. With respect to depositions or other pre-trial testimony, the designation may be made by:

(a) a statement on the record by counsel at the time of or immediately following the disclosure that such testimony shall be treated as Confidential Information; or

(b) by written notice, sent by counsel, within five (5) business days after receiving a copy of the transcript of such testimony, that such testimony shall be treated as Confidential Information. In the event that

the designation comes after a transcript has been disclosed to clients or third parties without such designations, the disclosing party shall use best efforts to retrieve and replace the original transcript with the new one containing the subsequently received designations.

**5. <u>Filing Confidential Material</u>**. Subject to the Federal Rules of Evidence, documents containing Confidential Information may be offered into evidence in the Litigation or as part of any hearing related thereto, only on the following conditions:

    a.    <u>Use in Any Motion/Pre-Trial Filing</u>. The Parties agree that when any party seeks to file a pleading, motion, or other pre-trial filing that contains or attaches Confidential Information, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

b. <u>Use as an Exhibit at Trial</u>. The parties will raise any disputes over the confidential nature of particular exhibits to be used at trial or at any evidentiary hearing with the Court as needed.

**6. <u>Persons Entitled to Review Confidential Information</u>**. Except as permitted by further order or by subsequent written agreement of the producing party, disclosure of Confidential Information documents shall be limited to the following "Qualified Persons":

a. The Court and employees thereof if filed under seal in accordance with FRCP 5.2, unless the Court orders otherwise;

b. Any party to the Litigation (including corporate officers, directors, and employees), but only including those employees of any party of the Litigation who are assisting with the prosecution or defense of the Litigation, unless a particular document or material produced is designated as for Attorney's Eyes Only;

c. Outside counsel of record to any party to the Litigation including their staff who are assigned to and necessary to assist such counsel in the preparation of this Litigation;

d. In-house counsel and attorneys, paralegal, clerical, and other staff employed by such counsel for the parties who are assisting in the prosecution or defense of the Litigation;

STIPULATION AND PROTECTIVE ORDER - 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

e. Court reporters;

f. Outside experts, advisors, or consultants retained by counsel of record in the Litigation who have signed the "Confidentiality Agreement" (Exhibit A);

g. Potential fact witnesses, to the extent reasonably necessary, in connection with their testimony or in preparation thereof, who have signed the "Confidentiality Agreement" (Exhibit A), unless a particular document or material produced is designated as for Attorney's Eyes Only;

h. copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material; and

i. Any other persons to whom the Plaintiffs and Defendants agree in writing.

**7. Preservation of Confidential Information.** All qualified Persons who have received "Confidential Information" and "Attorney's Eyes Only" documents pursuant to this Protective Order shall safeguard such information so as to prevent its disclosure to persons who are not Qualified Persons entitled to see such Confidential Information.

STIPULATION AND PROTECTIVE ORDER - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**8. Inadvertent Disclosures.** Inadvertent failure to designate material as "Confidential" or "Attorney's Eyes Only" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. When a "Confidential" or "Attorney's Eyes Only" designation is subsequently made with respect to any material, the receiving party shall treat such material as confidential and shall promptly inform any persons to whom the receiving party transmitted copies of such material that the material has been designated "Confidential" or "Attorney's Eyes Only." If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such Confidential Information.

**9. Limitations on Application.** Nothing in the Protective Order shall preclude any party to this Litigation or their attorneys from disclosing or using, in any manner or for any purpose, any information or documents

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

from that party's own files which the party itself has designated as "Confidential" or "Attorney's Eyes Only."

**10. <u>Resolution of Disputes</u>.** If any party to this Protective Order objects to the designation of any materials as "Confidential" or "Attorney's Eyes Only" the party shall first state the objection by letter to the party that produced the materials. The parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Protective Order. If the parties are unable to resolve such dispute, the party who objects to the designation of the materials as "Confidential" or "Attorney's Eyes Only" may file a motion with the Court, in which case the materials shall be submitted to the Court for an in camera inspection to determine whether the materials justify the designation. Until the Court rules on the motion, the materials in question shall continue to be treated as so designated.

**11. <u>Return or Destruction</u>.** All Confidential Information and all copies thereof shall be destroyed and certified to the producing party as having been destroyed, or alternatively returned to counsel for the producing party within sixty (60) days after the final conclusion of the Litigation. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition,

STIPULATION AND PROTECTIVE ORDER - 9



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential information.

**12. Application Following Termination of Litigation.** After the termination of this Litigation, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

**13. Notice.** Any notice required or permitted herein shall be made to the parties' counsel of record. Notice may be by email, letter, or telephone with email confirmation so as to provide timely notice as appropriate.

**14. Non-Waiver.** Nothing herein shall prevent the parties from seeking an order from the Court further restricting the use or access to information.

**15. Amendments.** Notwithstanding anything herein to the contrary, this Protective Order shall not prevent any party from applying for relief therefrom, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court. The parties agree that the purpose of this Protective Order is to expedite the production and protection of potentially Confidential Information for the purposes of this

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

lawsuit, and that it may later be appropriate to modify this order as reasonably needed to litigate and try these disputes.

**16. <u>Other Lawsuits</u>.** In the event anyone covered by this Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by a person not a party to this Litigation, and is requested to produce or otherwise disclose discovery material, including material that was designated "Confidential" or "Attorney's Eyes Only" they shall give prompt written notice to the person who designated the material as "Confidential" or "Attorney's Eyes Only" and object to production on the grounds of this Protective Order. Should the person seeking access to the discovery material take action against anyone covered by this Protective Order to enforce such a subpoena, demand or legal process, the party covered by this Protective Order shall respond by setting forth the existence of this Protective Order. Nothing in this Protective Order shall be construed as requiring anyone covered by this Protective Order to resist a motion to compel production other than giving notice and filing the objections referenced in this paragraph.

**17. <u>Third Party Information</u>.** If discovery is sought of a person not a party to this Litigation ("Third Party") requiring disclosure of such Third

STIPULATION AND PROTECTIVE ORDER - 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Party's tax returns or related documents, the Confidential Information disclosed by such Third Party will be accorded the same protection as the parties' Confidential Information, and will be subject to the same procedures as those governing disclosure of the parties' Confidential Information pursuant to this Protective Order.

Pursuant to the foregoing Stipulation, the following Protective Order is hereby approved and notice of presentment waived.

DATED this 12th day of July 2019.          DATED this 12th day of July 2019.

PISKEL YAHNE KOVARIK, PLLC          KELLER ROHRBACK LLP

*s/ Whitny L. Norton*          *s/ Rob J. Crichton*
NICHOLAS D. KOVARIK, WSBA #35462
WHITNY L. NORTON, WSBA #46485
Attorneys for Plaintiffs

ROB J. CRICHTON, WSBA #20471
HOLLY LYNCH, WSBA #37281
ERIC R. LALIBERTE, WSBA #44840
Attorneys for Port of Benton Defendants

DATED this 12th day of July 2019.

CALFO EAKES & OSTROVSKY, PLLC

*s/ Emily D. Powell*
ANGELO J. CALFO, WSBA #27079
EMILY DODDS POWELL, WSBA #49351
Attorneys for City of Richland and Peter Rogalsky

STIPULATION AND PROTECTIVE ORDER - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## II. **PROTECTIVE ORDER**

Pursuant to the foregoing STIPULATION between the Parties, Plaintiffs and Defendants are bound by the terms of the foregoing Stipulation;

IT IS SO ORDERED.

DONE this 16th day of July 2019.



HONORABLE THOMAS O. RICE

Presented by:

PISKEL YAHNE KOVARIK, PLLC

*s/ Whitny L. Norton*
NICHOLAS D. KOVARIK, WSBA#35462
WHITNY L. NORTON, WSBA #46485
Attorneys for Plaintiffs

Approved as to Form, notice of presentment waived:

KELLER ROHRBACK LLP

*s/ Rob J. Crichton*
ROB J. CRICHTON, WSBA #20471
HOLLY LYNCH, WSBA #37281
ERIC R. LALIBERTE, WSBA #44840

CALFO EAKES & OSTROVSKY, PLLC

*s/ Emily D. Powell*
ANGELO J. CALFO, WSBA #27079
EMILY DODDS POWELL, WSBA #49351
Attorneys for City of Richland and Peter Rogalsky

STIPULATION AND PROTECTIVE ORDER - 13



# EXHIBIT A TO THE STIPULATION AND PROTECTIVE ORDER
## Confidentiality Agreement

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in Case No. 2:17-cv-191-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Signed this ____ day of _____, 20 __, _____ County, _____.

_____

STIPULATION AND PROTECTIVE ORDER - 14

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935