UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., RANDOLPH PETERSON and TRI-CITY RAILROAD COMPANY, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PORT OF BENTON COUNTY, et al.,<br><br>　　　　　　Defendants. | NO. 2:17-CV-0191-TOR<br><br>ORDER GRANTING DEFENDANTS THE CITY OF RICHLAND AND PETER ROGALSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants the City of Richland and Peter Rogalsky's Motion for Partial Summary Judgment Re: Property Claims (ECF No. 156). A hearing was held on October 7, 2019. The Court has reviewed the record and files herein, heard oral argument and is fully informed. For the reasons discussed below, the Motion (ECF No. 156) is **granted**.

ORDER GRANTING DEFENDANTS THE CITY OF RICHLAND AND PETER ROGALSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND[1]

This instant motion arises out of Defendants' installation of a railroad switch and a sign forbidding unauthorized users from using trackage built by the City of Richland, which Plaintiffs Randolph Peterson and Tri-City Railroad Company, LLC (collectively "TCRY") complain interfered with their purported property interest in the trackage they leased.

The parties are familiar with the facts. In short, in 1998, the Department of Energy gifted land called the "1100 Area" and approximately 16 miles of trackage (lying inside of and south of the 1100 Area) to the Port of Benton, subject to prior interests. ECF Nos. 157 at 4, ¶¶ 7-8, ¶ 6; 174 at 2. Important for this Order, both the Department of Energy (in 1997, before the transfer) and the Port (in 1999, after the transfer) granted the City of Richland an easement for a railroad spur inside the 1100 Area to connect the existing railroad wye (within the 1100 Area) to land owned by the City of Richland directly to the West of the 1100 Area. ECF Nos. 157 at 4-5, ¶¶ 8-9; 174 at 2, 4, ¶ E (not disputing grant of easement); *see* ECF Nos. 13-1 at 91-98 (1997 DOE easement to City of Richland for railroad spur); 13-1 at 87-88 (1999 Port of Benton easement to City of Richland); 158-7 at 3

---

[1] While the facts must be construed in favor of TCRY as the non-moving party, the fundamental facts are not in dispute.

(representative sketch of easement). In 1999 through 2000, the City of Richland constructed a lead track and spur pursuant to the easements (the "Horn Rapids Spur"). ECF Nos. 157 at 5-6, ¶ 11; 174 at 4, ¶ F (not disputing construction dates); *see* ECF No. 158-4 (representative sketch of easements).

Most importantly, the DOE's 1998 transfer of the property to the Port of Benton was "subject to all public utility and other easements on record, described in Attachment E. . ." ECF No. 13-1 at 3. Attachment E to the Indenture agreement includes a listing of easements, including the easement to the City of Richland for a railroad spur. ECF No. 13-1 at 46 (Document No. 97-27682).

In 2002, the Port entered into a lease agreement with TCRY for trackage and the use of a building. ECF Nos. 157 at 7-8, ¶ 17; 174 at 6, ¶ K. The Parties appear to agree that the lease agreement included all of the 16 miles of trackage that was the subject of the 1998 transfer from the Department of Energy[2]. TCRY claims

---

[2] The 2002 lease agreement with the Port and TCRY included a description of the land and trackage in metes and bounds using the exact language from the transfer from the Department of Energy, which did not include any trackage inside the 1100 Area. This was, apparently, a mistake—language elsewhere in the 2002 Lease Agreement mentions trackage within the 1100 Area. ECF No. 13-2 at 13. Counsel for the City of Richland explained this likely arose because the

ORDER GRANTING DEFENDANTS THE CITY OF RICHLAND AND PETER ROGALSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

that the leased trackage includes the right to use the short segment of track previously built by the City of Richland within the 1100 Area, but this issue is not material for the purposes of this Order, as the 1999 easement supersedes any subsequent transfer of rights.[3]

In 2014, the Port of Benton granted the City of Richland an easement to additional land south of the 1999 easement (within the 1100 Area) to accommodate an auxiliary track—TCRY does not argue that this 2014 lease intruded on its property interest. ECF Nos. 157 at 8, ¶ 24; 174 at 2; *see* ECF No. 158-4 at 2 (representative sketch highlighting the 2014 lease in green). Pursuant to the 1997, 1999 and 2014 easements, the City of Richland built an auxiliary track—TCRY's only issue with the auxiliary track is the installation of a switch on the existing trackage that services the auxiliary track. ECF Nos. 157 at 10, ¶ 25; 174 at 9, ¶ Q

---

Department of Energy gifted the entire 1100 Area, so a technical description of the trackage within this area was not necessary for the DOE's transfer to the Port and the Port and TCRY apparently overlooked the discrepancy until 2014.

[3] Notably, the Court finds it instructive that the 2002 Lease Agreement includes the exact description for the metes and bounds from the Department of Energy, which evidences the Port's intent to lease only the trackage subject to the Department of Energy gift—not the trackage built by the City of Richland.

ORDER GRANTING DEFENDANTS THE CITY OF RICHLAND AND PETER ROGALSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

(citing to ECF No. 173-7, which only mentions a dispute concerning the installation of the switch on the existing line).

TCRY filed suit on June 5, 2017 alleging a *qui tam* claim against the Port of Benton based on the Federal False Claims Act. ECF No. 1. On April 2, 2018, without leave of the Court, TCRY filed an amended complaint adding a slew of other actions against the City of Richland and Peter Rogalsky, *inter alios*, including claims for trespass, physical takings, regulatory takings, oppressive pre-condemnation activity, unjust enrichment, nuisance, and tortious interference, *inter alia*. ECF No. 6 at 45-68. The City of Richland and Peter Rogalsky filed this Motion for Summary Judgment to dispose of these claims to the extent they rely on denial of access to the Horn Rapids Spur, interference with TCRY's purported rights on the Spur, or relocation of interchange activities from Richland Junction. *See* ECF No. 156 at 25.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the

"burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Per Rule 56(c), the parties must support assertions by: "citing to *particular parts of the record*" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or than an adverse party cannot produce admissible evidence to support the fact." (emphasis added). Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

## DISCUSSION

At the hearing, counsel for TCRY clarified that their claims subject to the City of Richland's Motion (ECF No. 156) are limited to the City of Richland's installation of the switch for the auxiliary track built in 2015 and the installation of a sign. By failing to address the Motion (ECF No. 156) concerning the interchange

operations at Richland Junction (regulatory taking and oppressive pre-condemnation activity), TCRY has abandoned these claims.  Because the City of Richland installed the switch pursuant to its prior easements and because the sign did not interfere with TCRY's rights to the 1100 Area trackage, the Defendant's Motion for Summary Judgment Re: Property Claims (ECF No. 156) is **granted**.

The Court finds that the switch falls fairly within the terms of the 1997 Easement from DOE and the 1999 Easement Deed between the City of Richland and the Port of Benton, which granted the City of Richland broad rights to construct a railroad spur where the switch was installed.  *See* ECF No. 13-1 at 87-89, 90-98; Scope of easements and profits, 17 Wash. Prac., Real Estate § 2.9 (2d ed.) ("If the creating language defines the uses only generally or broadly, the permitted uses are capable of gradual change over time.  The best statement one can make is that the permitted uses change gradually, to keep pace with the normal changes in the activities carried on upon the dominant tenement, changes the parties might have contemplated when the easement was created.").  As such, even if the 2002 Lease Agreement between TCRY and the Port purported to grant TCRY use of all the trackage within the 1100 Area, its Lease was subject to the 1997 and 1999 easements and the installation of the switch falls under these easements.

As for the sign, the sign states: "Entering City of Richland Railroad

Authorized Users Only". ECF No. 6-4 at 20.  In response to the Court's question as to what it was about the sign that conveyed to TCRY that it didn't have authorized access under the 2002 lease, counsel for TCRY stated that it was the (1) language of the sign, (2) the absence of a signed track use agreement with the City of Richland, and (3) an e-mail correspondence – discovered by TCRY through a public records request – where the agents of the City of Richland and the Port of Benton purportedly state TCRY cannot access the tracks or they would be charged for criminal trespass.  However, the sign merely limits *unauthorized* use—if TCRY had the rights to the 1100 Area track, its use is authorized.  TCRY admits it did not have the right to proceed further into the City of Richland's track, so it has no lawful claim to a taking.  Finally, TCRY cannot argue that an e-mail correspondence that was only uncovered by a later public records request could have plausibly influenced TCRY's right to use the 1100 Area trackage.

In any event, TCRY does not provide evidence of any damages caused by the installation of the switch or the sign.  When asked what revenue TCRY was deprived of by the installation of the switch, Mr. Peterson stated: "We were deprived of the right to negotiate a fee[,]" explaining that "if [the City of Richland] would have respected our property rights, we might have been able to negotiate access to our own loop track . . . for which we still don't have access today." ECF No. 186-1 at 16-17, 19.  Further, Mr. Peterson testified that the switch and sign did

not prevent TCRY from servicing any customers (access to any of the businesses in the area required access to trackage that is undisputedly on the City of Richland land) and only identified legal and administrative fees in connection with the lawsuit as expenses resulting from the switch. ECF No. 186-1 at 21-24.

Plaintiffs' physical taking claim fails because installing the switch and erecting a sign were well within the City of Richland's prior recorded easements. Plaintiffs' regulatory taking and oppressive pre-condemnation activities claims have not been supported by admissible evidence establishing these claims nor briefed appropriately, accordingly they are dismissed. Plaintiffs' unjust enrichment, nuisance, tortious interference and §1983 claims are also predicated on the argument that the City of Richland's switch and sign were wrongfully installed. Since they were not installed wrongfully, these claims fail as well.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants the City of Richland and Peter Rogalsky's Motion for Partial Summary Judgment Re: Property Claims (ECF No. 156) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** October 10, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS THE CITY OF RICHLAND AND PETER ROGALSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9