# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., RANDOLPH PETERSON, individually and as relator; TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF BENTON COUNTY, et al.,<br><br>Defendants. | NO. 2:17-CV-0191-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiffs Randolph Peterson and Tri-City Railroad Company, LLC's Motion for Reconsideration (ECF No. 206). Defendant the Port of Benton filed a Response (ECF No. 216) and Plaintiffs filed a Reply (ECF No. 219). The Court – having reviewed the record, the Motion, Response and Reply – is fully informed. For the reasons discussed below, the Court **denies** Plaintiffs' Motion for Reconsideration (ECF No. 206).

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 1

## GOVERNING LAW

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

## DISCUSSION

Plaintiffs request the Court reconsider its Order granting summary judgment to Defendants on Plaintiffs' regulatory takings claim. Plaintiffs argue:

> The Court appears to have premised the dismissal of Plaintiffs' regulatory taking claim upon the notion that Plaintiffs had abandoned this claim. (ECF 198, pg. 6-7). However, the record reflects that Plaintiffs did not, and have not, abandoned the claim. The regulatory taking claim stems from the fact that the City of Richland (the "City"), through its agent Robert Wimbish, and in conjunction with the Port of Benton (the "Port"), designed a plan to eliminate Tri-City Railroad Company, LLC ("TCRY") as an operating railroad, thus, taking all economic viability of TCRY's lease. By doing so, the City has eliminated TCRY's ability to interchange with the Union Pacific Railroad ("UP"), which has caused TCRY significant damages in the amount of the fees it would be entitled as an operating railroad. Those damages have been detailed in the expert report by Erick C. West. (ECF No. 160-32; 160-33).
>
> TCRY's regulatory taking claim was briefed in its Response to Defendants Motion for Partial Summary Judgment (ECF 172, pg. 16-19), and again, specifically addressed at the October 7, 2019 hearing on Defendants Motion. (See **Exhibit A** to Declaration of Nicholas D. Kovarik in Support of

Plaintiffs' Motion for Reconsideration, pg. 28, line 7, through pg. 30, line 18). The record reflects that TCRY has not abandoned its regulatory taking claim, and thus, Plaintiffs respectfully request that the Court reconsider its order granting Defendants the City of Richland and Peter Rogalsky's Motion for Partial Summary Judgment.

ECF No. 207 at 2-3. The relevant portion of the Order states:

> At the hearing, counsel for TCRY clarified that their claims subject to the City of Richland's Motion (ECF No. 156) are limited to the City of Richland's installation of the switch for the auxiliary track built in 2015 and the installation of a sign. By failing to address the Motion (ECF No. 156) concerning the interchange operations at Richland Junction (regulatory taking and oppressive precondemnation activity), TCRY has abandoned these claims.

ECF No. 198 at 6-7.

In the cited to portion of Plaintiffs' Response to the underlying motion for summary judgment, Plaintiffs argued:

> Here, the City took all economic viability of TCRY's lease by its conduct as it has lost its ability to access its own leased land. The City worked with the Port to develop and carry out a plan to eliminate TCRY as an operating railroad and deprive TCRY of all economic viability. The City's actions stem from TCRY's unwillingness to relinquish its rights in the Richland Junction in order for the City to build a parkway over the junction.
>
> First, on or about January 12, 2011, the City terminated TCRY's direct access to the Horn Rapids Spur where TCRY's customers reside. (ECF No. 88, Ex. 15). This prevented TCRY from accessing its customers directly. As a result, the only way TCRY could service its customers was as an agent of UP. Id. However, once TCRY began servicing customers as an agent of UP, the City hired Fletcher and Sippel, Tangent Rail Services, and RGW Enterprises to further develop and carry out a plan to eliminate TCRY.
> \* \* \*
> In furtherance of this plan, the City's agent coerced UP to enter into an agreement with the City whereby UP would terminate TCRY as an agent and the City would forgo a dispute with UP over the UP's track use

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 3

> agreement. On November 8, 2017, UP gave notice to TCRY that it was going to resume direct operations on the TCRY leased track. (ECF No. 88, Ex. 49). As of December 8, 2017, TCRY was terminated as UP's agent. <u>Id</u>. Since December 8, 2017, TCRY has been unable to service its customers and been deprived of all economic viability of its lease and business enterprise. <u>Id.</u>

ECF No. 172 at 16-18 (underline in original).

In sum, Plaintiffs argue: (1) "the City has eliminated TCRY's ability to interchange with the Union Pacific Railroad ("UP"), which has caused TCRY significant damages in the amount of the fees it would be entitled as an operating railroad", ECF No. 207 at 2; (2) "the City took all economic viability of TCRY's lease by its conduct as it has lost its ability to access its own leased land", ECF No. 172 at 16; (3) "the City terminated TCRY's direct access to the Horn Rapids Spur where TCRY's customers reside", ECF No. 172 at 17; and (4) that, as a result of Defendants' actions, "TCRY was terminated as UP's agent", ECF No. 172 at 18.

As Defendants rightly point out in their Response to the Motion for Reconsideration (ECF No. 216), Plaintiffs espoused an entirely different theory for their regulatory takings claim in their Fourth Amended Complaint, which was based on TCRY allegedly being "prohibited . . . from using Richland Junction for its built-purpose of interchanging railcars." ECF No. 167 at 65-66, ¶¶ 4.60-69. Plaintiffs admit such. *See* ECF No. 219 at 3. Absent a request to amend their Fourth Amended Complaint, Plaintiffs cannot simply change horses midstream and

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 4

assert an entirely new theory for their regulatory takings claim.

In any event, Plaintiffs do not complain of the two categories of regulatory action that generally would be deemed *per se* takings: permanent physical invasion or regulations that completely deprive an owner of all economically beneficial use of his property. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005). Rather, Plaintiffs essentially complain that TCRY is losing money because it can no longer service its customers using tracks owned by the City of Richland. The City is regulating its own property, not Plaintiffs' "private property". *See Chevron U.S.A.*, 544 U.S. at 539. That does not constitute a regulatory taking from Plaintiffs.

Further, none of the newly asserted complaints establish a regulatory taking claim, as the complained of damages are merely lost profits for benefits incidental to their lease pursuant to contractual arrangements, which are not compensable. *United States v. Gen. Motors Corp.*, 323 U.S. 373, 380 (1945) ("it has generally been held that that which is taken or damaged is the group of rights which the so-called owner exercises in his dominion of the physical thing, and that damage to those rights of ownership does not include losses to his business or other consequential damage"); *State v. McDonald*, 98 Wash. 2d 521, 531 (1983) ("just compensation is the difference between the fair market value of the property before the acquisition and the fair market value of the remainder after acquisition. A

necessary corollary of this principle is that the owner may not recover as compensation lost profits from a business which prior to the acquisition had been conducted on the land.").

Notably, Plaintiffs did not address the deficiency raised by Defendants in their motion for summary judgment:

> The basic point of takings law is to obtain just compensation for deprivation of a property interest, defined as the difference in fair market value of the property before and after the acquisition, not recovery of lost profits or other consequential damages. *State v. McDonald*, 98 Wn.2d 521, 531, 656 P.2d 1043 (1983). But TCRY claims no such damages. It has stated that the fair market value of the property subject to physical and regulatory takings is $44,592,865—the full amount of TCRY's damages as calculated by its expert, Erick West. SOF 94, 97-99. West's calculations are entirely in the form of "lost marginal income" and "expenses." *Id.* West does not opine on the lost value of any real property. *See United States v. Gen. Motors Corp.*, 323 U.S. 373, 378–79 (1945) (lost profits and other consequential losses are excluded because a takings claim is focused on property and not "collateral interests which may be incident to . . . ownership" and "does not include future loss of profits….").

ECF No. 156 at 16-17. Neither did Plaintiffs address this issue on their Motion for Reconsideration. Defendants raised the issue anew in their Response to the Motion for Reconsideration. ECF No. 216 at 4-6. However, Plaintiffs again failed to address the issue in their feeble Reply. *See* ECF No. 219.

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 6

on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiffs have failed to establish the elements essential to their regulatory taking claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs Randolph Peterson and Tri-City Railroad Company, LLC's Motion for Reconsideration (ECF No. 206) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** November 20, 2019.

THOMAS O. RICE
Chief United States District Judge