UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDOLPH PETERSON, individually; TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>                  Plaintiffs,<br><br>   v.<br><br>PORT OF BENTON COUNTY, et al.,<br><br>                  Defendants. | NO. 2:17-CV-0191-TOR<br><br>ORDER GRANTING CITY OF RICHLAND'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: § 1983 RETALIATION |

BEFORE THE COURT is Defendant City of Richland's Motion for Partial Summary Judgment Re: § 1983 Retaliation (ECF No. 243). The Motion was submitted without a request for oral argument. Plaintiffs Randolph Peterson and Tri-City Railroad Company, LLC, oppose the Motion. The Court has reviewed the record and the completed briefing, and is fully informed. For the reasons discussed below, the Motion (ECF No. 243) is **granted**.

ORDER GRANTING CITY OF RICHLAND'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: § 1983 RETALIATION ~ 1

## BACKGROUND

The material facts are not in dispute. Sometime around 2001, before TCRY acquired its leasehold interest in the tracks owned by the Port of Benton (the "Port"), the City of Kennewick and the City of Richland "began a coordinated effort" to create an at-grade railroad crossing (the "Center Parkway Crossing") over two sets of tracks—one set owned by the Port (subsequently leased to TCRY) and the other owned by Union Pacific Railroad ("UP"). ECF No. 95 at 4; 98 at 2-3, ¶ 2; ECF No. 93-2 (2001 agreement between City of Kennewick and City of Richland regarding preparation for Center Parkway crossing); *see* ECF No. 93-4. The crossing was part of a plan between the City of Kennewick and the City of Richland to connect commercial retail centers between the two cities by extending Center Parkway Road over the tracks, connecting Gage Boulevard and Tapteal Drive. ECF No. 95 at 4. Because the plans called for an at-grade crossing over the Port's tracks, "the proposed project was hostile to the Port's property interests" as the owner and to TCRY's property interest as the lessee. ECF No. 95 at 4-5.

Over the subsequent years, the City of Richland attempted to secure the Center Parkway Crossing, but the efforts were not successful. To this end, in 2011, the City of Richland entered into a Standard Form Railroad Track Use Agreement ("SFRTUA") with UP in April of 2011. ECF No. 89 at 7, ¶ 15. In the SFRTUA, the parties agreed that UP and its agents would not oppose the Crossing.

On April 8, 2013, the City of Kennewick filed a petition with the Washington Utilities and Transportation Commission ("WUTC") to construct an at-grade rail crossing at Center Parkway. ECF No. 89 at 8, ¶ 27. On May 31, 2013, the City of Richland filed a motion to intervene with the WUTC in support of the City of Kennewick's petition; the motion was granted on June 4, 2013. ECF No. 89 at 8, 28. In November 2014, TCRY received notice of the petition. ECF No. 89 at 9, ¶ 29. The WUTC "approved the extension of Center Parkway between Kennewick and Richland" and the Superior Court for the County of Benton, Washington affirmed the WUTC orders on December 9, 2014. *See Tri-City R.R. Co. v. State of Washington*, Benton County Cause No. 14-2-07894-8; ECF No. 88-24 at 2.

On March 19, 2015, TCRY petitioned the United States Surface Transportation Board (STB) "for a declaratory order seeking preemption of Kennewick and Richland's efforts at Richland Junction to protect its railroad operations and leasehold rights." ECF No. 89 at 9, ¶ 30 (emphasis own). TCRY admits it filed the petition "in an effort to deny the City's longstanding efforts to extend a road through Center Parkway . . . ." ECF No. 262 at 2, ¶ 2.

Meanwhile, "[o]n May 7, 2015, Kennewick and Richland filed a petition for condemnation with the Benton County Superior Court for an easement across TCRY tracks at Richland Junction for an at-grade-crossing." ECF No. 89 at 9, ¶ 31.

"On September 12, 2016, the STB issued a declaratory order preempting

Kennewick and Richland's attempt at condemnation and denying the City of Richland's request for an at-grade crossing[;] Richland subsequently appealed the STB declaratory order to the Ninth Circuit Court of Appeals." ECF No. 89 at 10, ¶ 33; *see also* ECF No. 262 at 5, ¶ 10.

Around this time, TCRY was operating as an agent for UP for its operations on trackage owned by the City of Richland. "On July 26, 2017, City attorney Robert Wimbish emailed UP attorney Jeremy Berman to communicate the City's stance that 'UP repeatedly has breached its contractual commitments, and continues to be in breach due to TCRY's clearly-stated and ongoing opposition to the Center Parkway project[.]'" ECF No. 262 at 6-7, ¶ 17. "Mr. Wimbish subsequently threatened litigation against UP for breach of contract if UP could not 'remedy the situation' by 'secur[ing] TCRY's non-objection to the Center Parkway project going forward (in writing and from an authorized TCRY officer), then Richland would not need to take action under the contract.'" ECF No. 262 at 7, ¶ 18 (brackets in original).

Mr. Berman contacted TCRY and attempted to secure their non-opposition to the project. *See* ECF No. 262 at 7, ¶ 19. TCRY offered its non-opposition if the City paid for the costs and fees incurred over the past decade related to the crossing. ECF Nos. 199 at 7; 200 at 13, ¶ 40; 228 at 8, ¶ 22. The City objected to the request and TCRY did not change its stance. ECF No. 228 at 8-9, ¶¶ 24-28.

Ultimately, UP canceled its contract with TCRY. ECF No. 228 at 10, ¶ 30-31

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Mere allegations or denials in the pleadings are not enough. *Liberty Lobby*, 477 U.S. at 248. Further, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252. Per Rule 56(c), parties must support assertions by "citing to particular parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse

party cannot produce admissible evidence to support the fact."

**DISCUSSION**

Defendant the City of Richland requests the Court enter summary judgment against Plaintiffs' 42 U.S.C. § 1983 claim for alleged retaliation against TCRY for its petition to the Surface Transportation Board. ECF No. 243. Plaintiffs oppose the motion and argue Defendant retaliated against Plaintiffs "for petitioning the Surface Transportation Board in 2015 (and ultimately prevailing in that petitioning conduct) when the City (1) forced the termination of TCRY's relationship with [UP] and (2) worked with the Port of Benton [] to get rid of TCRY." ECF No. 262 at 2.

"'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "To state a First Amendment retaliation claim, a plaintiff must plausibly allege 'that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'" *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist.*

*6J*, 467 F.3d 755, 770 (9th Cir. 2006))).

"It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Nieves v. Bartlett*, 139 S.Ct. at 1722. "Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* (citing *Hartman*, 547 U.S. at 260 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway")); *Lozman v. City of Riviera Beach, Fla.*, 138 S.Ct. 1945, 1952 (2018) ("even if retaliation might have been a substantial motive for the board's action, still there was no liability unless the alleged constitutional violation was a but-for cause of the employment termination").

As an initial matter, merely working with the Port "to get rid of TCRY" is not an adverse action that would chill protected conduct—mere plans are not enough. *See* ECF No. 264 at 2, ¶ 5. As for the claim that Defendant retaliated against Plaintiffs for petitioning the STB, there is simply no support for this theory.

Plaintiffs assert "the purpose [of informing UP it was in breach of the SFRTUA] was solely to inflict injury on TCRY to punish it for continuing to oppose Center Parkway and for ultimately thwarting the City's efforts by petition

the STB . . . ." ECF No. 262 at 18; *cf.* ECF No. 228 at 17 (Plaintiffs arguing the "City utilized its SFRTUA with UP for the sole purpose of destroying TCRY's relationship with UP and shippers along the Horn Rapids Industrial Spur"). However, Plaintiffs bring forward no evidence tying TCRY's petition to the STB and the complained-of notice to UP (that it was in breach of the 2011 SFRTUA due to TCRY's opposition to the Center Parkway Crossing). Plaintiffs point to the timing as evidence, but the complained-of conduct took place over two years after TCRY petitioned the STB and nearly one year after the STB ultimately decided the issue. Further, the 2011 SFRTUA substantially pre-dated TCRY's 2015 petition.

Contrary to Plaintiffs' contentions, the evidence only suggests the City was moving forward with a longstanding goal established well before TCRY came onto the scene. First, the communications related to the notice of termination all expressly reference TCRY's ongoing opposition to the project in general, without any reference to the STB petition. Second, Defendant did not simply tell UP to terminate TCRY as its agent. Rather, Defendant asked UP to secure TCRY's non-opposition pursuant to UP's contractual agreement. Third, the complained-of notice to UP was directly in furtherance of the longstanding goals of securing the Center Parkway Crossing. Importantly, this is not a case where the complained-of act has nothing to do with longstanding goals, which would be much stronger evidence of retaliatory intent. Plaintiffs have thus failed to present any evidence

showing "but-for" causation. *Lozman*, 138 S.Ct. at 1952 ("even if retaliation might have been a substantial motive for the board's action, still there was no liability unless the alleged constitutional violation was a but-for cause of the employment termination").

In short, TCRY simply relies on the fact that the City took an action against TCRY to further its long-stated goal after TCRY opposed the project by filing a petition with the STB, but this is not enough to create a genuine issue on these facts. If this were enough, state actors would be chilled from taking actions in furtherance of long-standing objectives against those who oppose the plans.

As there are no remaining claims by or against the City of Richland, the City of Richland is dismissed from the action. *See* ECF Nos. 243 at 2; 177.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant City of Richland's Motion for Partial Summary Judgment Re: § 1983 Retaliation (ECF No. 243) is **GRANTED**.

2. The District Court Executive is directed to enter this Order, furnish copies to the parties, and terminate Defendant City of Richland from the docket.

**DATED** February 7, 2020.



THOMAS O. RICE
Chief United States District Judge