UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDOLPH PETERSON and TRI-CITY RAILROAD COMPANY LLC,<br><br>                Plaintiffs,<br><br>  v.<br><br>PORT OF BENTON COUNTY,<br><br>                Defendant. | NO. 2:17-CV-0191-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT are the parties' responses to the Court's Order to Show Cause. The Court has reviewed the record and files herein, and is fully informed. ECF Nos. 348, 349. For the reasons discussed below, the Court hereby **dismisses** the remaining state law claims with leave to re-file pursuant to 28 U.S.C. § 1367.

**BACKGROUND**

This case arises out of a dispute over the use and management of railroad tracks and surrounding property owned by Defendant and leased by Plaintiffs. The

ORDER OF DISMISSAL ~ 1

Court has summarized the factual history of this case in several prior orders. *See* ECF Nos. 85, 108, 196, 198, 249, 307, 310. Plaintiffs' Fourth Amended Complaint, which is the current operative Complaint, alleges federal question jurisdiction is present based on Plaintiffs' *qui tam* and 42 U.S.C. § 1983 claims. ECF No. 167. However, this Court has dismissed all of Plaintiffs' federal claims. ECF Nos. 196, 198, 237, 249, 307, 310, 335. Because this case has been narrowed to only state law claims, the Court ordered the parties to show cause why this matter should not be dismissed with leave to re-file the remaining matters in state court. ECF No. 335. The parties timely responded. ECF Nos. 348, 349.

## DISCUSSION

### A. Supplemental Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court may exercise original jurisdiction over cases involving a question of federal law or between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. A federal court may also exercise supplemental jurisdiction over pendent claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if a district court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related claim. 28 U.S.C. § 1367(c)(3).

The Ninth Circuit has reaffirmed the discretionary nature of a district court's exercise of supplemental jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*, (Oct. 1, 1997). "[A] federal court should consider and weigh … the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

**B. Remaining Claims**

As an initial matter, it is unclear whether the Court could exercise supplemental jurisdiction over the current breach of contract claims. To support supplemental jurisdiction, "state and federal claims must derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. As Defendant accurately notes in its Response, Plaintiffs' claims have been ambiguously pled and argued, and their factual theory of the case has evolved several times. ECF No. 349 at 6-7.

Plaintiffs' federal claims involved factual issues of tax collection practices, third-parties' usage of the railroad tracks at issue, terminated parties' actions taken on adjacent property, and the receipt and use of state grant money. The current breach of contract claims center on the meaning of a term in the maintenance provision of the contract. While these claims involve the same parties and the same railroad tracks, they do not clearly derive from the same common nucleus of operative fact.

Even if the Court can properly exercise supplemental jurisdiction over the breach of contract claims, values of judicial economy, comity, fairness, and convenience weigh in favor of allowing the state court to resolve these claims. This case has not yet proceeded to trial and therefore falls among the "usual cases" in which a federal court should decline to exercise supplemental jurisdiction over remaining state law claims. *Carnegie-Mellon*, 484 U.S. at 350 n.7.

Defendant objects to dismissal on the grounds that this case "is literally at the one-yard line," with the trial date one month away. ECF No. 349 at 2. Although the calendar date is approaching, much work remains to be done in this case. Plaintiffs' breach of contract claim is currently subject to Defendant's pending motion for summary judgment. ECF No. 337. Defendant's breach of contract counterclaim is currently subject to Defendant's own pending motion for summary judgment, ECF No. 275, and Plaintiffs' motion for partial summary judgment on statute of limitations grounds, ECF No. 272. Plaintiffs have also

raised twelve affirmative defenses to Defendant's counterclaim, eleven of which are currently the subject of Defendant's pending motion for summary judgment. ECF No. 278. These pending motions will involve substantial application of state law and are better suited for resolution in state court.

Defendant also objects to dismissal on the grounds that this Court has invested significant resources into this case already and the parties will be burdened if required to start again in state court. ECF No. 349 at 11-13. While Defendant is correct that this Court has disposed of several claims in this case, it is also true that these claims are largely unrelated, legally and factually, to the current breach of contract claims. Indeed, this case has been reduced to a relatively narrow set of questions: (1) what obligations are imposed by the maintenance provision of the parties' contract; (2) whether those obligations are being met; and (3) what damages, if any, have resulted from noncompliance. That this Court has extensive familiarity with the circumstances of Plaintiffs' separate *qui tam* and takings claims does not put it in a better position than the state court to resolve these contract questions. Additionally, the work the parties have already done on the breach of contract claims can be re-submitted in state court with relative ease.

Finally, Defendant objects to dismissal on the grounds that the railroad tracks at issue in this case are deteriorating, which Defendant argues poses safety risks. ECF No. 349 at 13. However, Defendant has the option to pursue

immediate relief in state court, which could potentially address these concerns sooner than the current federal trial date.

On balance, values of judicial economy, comity, fairness, and convenience weigh in favor of allowing the state court to resolve the breach of contract claims. This Court declines to exercise supplemental jurisdiction over the parties' breach of contract claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The remaining state law claims are **DISMISSED** without prejudice and with leave to re-file in state court pursuant to 28 U.S.C. § 1367(d).
2. All currently pending motions are **DENIED AS MOOT**. All hearings and other deadlines, including the trial date, are **STRICKEN**.
3. The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

**DATED** March 12, 2020.



THOMAS O. RICE
Chief United States District Judge